We'll move to the fifth case of the day, United States v. Christopher Anstice, appeal number 18-3171. And we'll hear first from Mr. Hillis. May it please the court, counsel, I represent Christopher Antice. He raises one issue, and because the judge unambiguously imposed no mandatory supervised release conditions, the ones that appear in the written judgment are null. This is... Why is the solution that they're null? The judge did not specifically identify... And I'm just gonna talk about mandatory conditions for the moment, but why are they null? Why wouldn't the proper remedy be to have the judge impose them, to modify the judgment? Why and what supports your argument that they should just not exist because the statute says they're mandatory? The court shall. Sure. Alboret and Johnson are my key pieces for this argument, judge. Unambiguously unimposed conditions cannot wind up in a later written judgment. There's a solution. Remand. Fix it. You want to do it later? I mean, it can wait for another period of time. I think once he gets out of prison, you could do a modification proceeding then. So you agree that the conditions should be imposed. You're not... I understood you to be saying, just nullify them. They don't exist at all. They should not be conditions imposed on him. Right. Under the law, there are nullity in the written judgment form. They are also mandatory under the statute. I don't dispute that at all. So you're not disputing that they should be imposed? They were supposed to, like a $100 special assessment if you had a single count of conviction, like anything else that's mandatory. But if you don't put it in, if you don't orally pronounce it, we've had cases, I can't remember if they've been appealed or not, but I think that there's a 7th Circuit jurisprudence about the $100 special assessment. And if it's not here, I can at least say it's consistent with the principle. You fail to orally pronounce it. It's not then under 3553 CE, part of the orally pronounced sentence. And it's not part of the sentence. Two of these conditions are not mandatory. I know both sides suggested that they were, but the condition that you shall not possess a firearm is a discretionary condition. And the 72 hour reporting requirement is a discretionary condition under the guidelines 5D1.3. How should the court distinguish between the mandatory conditions, which some of these were, and the discretionary conditions? Anything that wasn't orally pronounced isn't properly part of the written judgment. So would the remedy be the same for the mandatory conditions and the discretionary conditions? What would that remedy be? The nullities, strike them out of the written judgment form, if you wish. And of course, you know, Albury, Johnson, those are the cases. The government cites cases that predate those from other circuits. I don't attach a lot of significance to those because they're inconsistent with Seventh Circuit jurisprudence. This is later in time. I think better considered authority. I think it's also consistent with the 10th and the DC Circuit cases that we've cited. There's a very easy remedy here without toppling a lot of Seventh Circuit case law. And that is wait for a modification proceeding 3583 E2. And if you think that the conditions need to be imposed then, whether they are mandatory, if they're technically discretionary, do it then. This can all be done later without going ahead and having some paradigm shift in Seventh Circuit jurisprudence. If they're mandatory though, how can you wait for a modification proceeding? If you want, they're mandatory, the court has to impose them and you want to make sure the defendant is aware of them. So for the reasons you've identified in other cases this morning, you want to make sure the defendant is aware of them. So he doesn't violate any of them and end up before the court. Why not remand and have them imposed before any kind of a modification hearing? Can. I'm sorry? You can. Right. I mean, you could do that right now. Judge St. Ivan, I'm just saying that they're not validly part of the written judgment. They can be imposed various ways either through a remand or through modification once he's released from prison. There are mechanisms. I say what we shouldn't be doing is reinventing Seventh Circuit case law based on other circuit authority that is not as well-reasoned, precedes our jurisprudence on the subject that's later in time and go with that model. Have any other circuits agreed with the position you're asking us to take with respect to mandatory conditions of supervised release? I beg your pardon, Judge? Have any other circuits taken the position you're asking us to take on conditions of the mandatory conditions? I don't think it's come up. I think it's just such an unusual miss that we don't have that. Presumably it is fairly unusual, one would hope, but I guess why is this issue so important that we ought to create a circuit split then and signal to the Supreme Court that they need to decide what happens when a district judge leaves out the mandatory conditions of supervised release. We've got other circuits saying very clearly, look, it's mandatory. You're on notice. They're in. Sure, sure. So by way of analogy, we do have the Orlando case where they did not impose the mandatory term supervision, the five years that allowed for a remand. And thankfully that guy got like a 23 year period of time shaved off this total sentence. So these are important things. They are important procedural vehicles for defendants in the right circumstances, but more towards the idea of circuit split. It is for you to determine when to depart or to adhere to a line of cases. I would not find those other cases consistent with 3553C or with rule 45A to say that those were properly decided. How is it with due process? When the person under rule 43A has a right to be present for sentence, we can say, but only part of your sentence, right? Not the mandatory parts. If it's mandatory life supervised release, prison term, something else that's mandatory, we're going to let the district court go ahead and fix that part later on in a written judgment. It's not how that works. Sentencing is all of your sentence and you have to be there for the mandatory conditions that are imposed as well as any other mandatory feature of the sentence. It's that easy. I think that we avoid due process problems, rule 43A problems and 3553C problems by just doing this the way that we're requesting here. I think you have to move mountains to come to the way that the government wants to have the conditions sort of be in effect because they're just printed up on a form. Yeah. On the pre-printed form, I think needs editing. And the reason is because when you read it, it says very clearly, I mean, you know it better than I do. Statutory mandatory conditions, none of it lists them, but as Judge St. Eve has rightly observed, two of them aren't statutory and mandatory. So we need to head back to the printer, I think, among other things, right? Right. I think, again, for all the efforts to improve the practice that we have, we seem to fall on old familiar ways and we should avoid that. Start looking at what the mandatory conditions are. Decide what few other conditions need to be presently imposed. Go back to Siegel's first principles about imposing supervised release conditions on the eve of somebody's release from prison. When you know what the programs have been for them, what their present circumstances are when they've been released. And of course, if there are problems while you're on supervised release, you can always modify things later. To clutter the record like this, I think is unfortunate. And you folks are doing a lot of appeals on these conditions that if they are not imposed, you probably don't have the same volume of cases that are coming up. And if these are not important conditions or they don't need to be worded this way, we can make lots of changes still to improve the process. I suggest we do. Mr. Hillis, has the Western District of Wisconsin updated its supervised release form since Thompson and the cases subsequent? The form I'm looking at now, as Judge Scudder just pointed out, includes a statutory mandatory conditions, at least two conditions that are not mandatory conditions. The form looks like it was revised in March of 2001. I know, for example, the Northern District of Illinois and maybe some other districts have revised their supervised release condition forms in light of some of this court's jurisprudence since Thompson. Has Wisconsin done that? Or is the form that's here the current form in Wisconsin? My recollection is that they have, and Judge Connolly in particular, sat on the sort of blue ribbon group to improve supervised release conditions. Nevertheless, because there continue to be changes, we found things that were in the conditions that are pre-printed in the form. I think that some of the judges were saying, you know, please stop putting this in there about risks and informing third parties of these things. Do you know if these 72 hours and the shall not possess a firearm are still listed as mandatory conditions? I only have this as my example. I'm not up there, Judge, so. I know you're not. I just didn't know if you knew. Thank you. The government, I'm sure, could answer that better than myself. I will ask. Thank you. Okay. Thank you, Mr. Hillis. For the government, Mr. Wagner. Good afternoon. May it please the court. Aaron Wagner on behalf of the government. We are asking the court to affirm the judgment and conviction order of the district court in this case. I think it makes sense to start with four facts that both sides agree are true. The district court was required by statute to impose at least five years of supervised release in this case. Once it imposed supervised release, it was required that the standard, excuse me, the mandatory conditions would be part of the sentence. They're part and parcel to each other. Third, the PSR in this case, and the written judgment both had the mandatory conditions listed in it. And fourth, the district court did not orally announce the mandatory condition. We all agree with that. Two of these conditions, Mr. Wagner, are not mandatory under the statute, the 72 hour rule and the possession of a firearm. I understand they are listed on the Wisconsin form as mandatory, but under the statute, they are not mandatory. Should those be treated differently? I think they need to be treated differently. I think the cases say as much. Clearly the parties in this case did not understand that those were not mandatory conditions. I think the court didn't understand that. And as the court pointed out earlier, that's part of the standard form. They're always listed that way. Do you know if the standard form still lists those two as mandatory? I believe it does. So one of my jobs here is obviously going to go back to the court. There's some changes that need to be made on that standard form to hopefully avoid these issues in the future. But focusing on the ones that are mandatory, because I think that's really the thrust of why we're here today. The court knows there are no federal cases that say the district court needs to orally announce the mandatory conditions. When this has been raised to other appellate courts, the answer that they've given across the board resoundingly is no, the district court does not need to do that because it's statutory, it's implicit and the defendant's on notice. And of course, that's the first circuit, second circuit, fifth circuit, eighth circuit, ninth circuit have all addressed this and they've all come to the same conclusion on that. Also in this case, I think it's important to point out that the defendant did not object to the mandatory conditions. When the PSR came out, there was an opportunity there to object. There was no objection. And of course, Judge Connolly gave another opportunity there for objection and there was no objection there as well. Really what the defense is trying to do here is just conflate the mandatory and the cases have said, you don't do that. They're very different and they're treated differently. The Bryant case from this court, which I cited in my brief makes that clear that those are two different categories of conditions and the law applying them must be different. Would it matter if those mandatory conditions had not been listed in the PSR? Would that matter? I think there's two ways the defendants are noticed. I think they're noticed through the statute and also through the PSR. So I think either one of those is sufficient. I think that I would definitely have a harder time standing before the court now and say if it wasn't in the PSR that he was on notice just based on the fact that it was on the statute. But of course it was in the PSR and also statutorily required. So I don't think there's any prejudice or harm to the defendant from the fact that the district court did not orally pronounce the mandatory conditions. And I think that's really the essence of this is there is no harm because the defendant was on notice. It really that's, that's the bulk of the government's argument. If there's any questions, I'd be happy to answer them or else I just asked you to affirm the district court's judgment. Thank you. Thank you, Mr. Wigner. Mr. Hillis, rebuttal. Prejudice doesn't need to be shown. Of course, we have Alvare and Johnson for that. If you had to show prejudice, I suppose those cases would have been decided differently. That wasn't the case. 3553 C, rule 43 A in due process, or don't, I don't think any of those are well accounted for any of the cases that they say this is not a problem. Plus Trusquillo from the second circuit, I believe addresses a period of time when the guidelines were mandatory, when these were standard conditions that were required by the guidelines. So I don't think that Trusquillo is a case that we can really hang our hats on now, say nothing of what I repeated, what I said earlier, and that is seventh circuit jurisprudence is our North star on this. If we're going to have a good reason to upset seventh circuit precedent, I don't think that this is it. So we should continue to adhere to Alvare, Johnson, give attention to 3553 C, rule 43 A in due process. Those things the government didn't do, but I want to make sure that I echo them again here at the podium. Thank you. Thank you, Mr. Hillis. The court will take a brief recess before hearing the sixth case of the day, expected to be about five minutes. Thanks to both counsel.